No. of Pages: 5

FILED
September 27, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003795414

JEFFER MANGELS BUTLER & MITCHELL LLP
RICHARD A. ROGAN (Bar No. 67310) rar@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

JEFFER MANGELS BUTLER & MITCHELL LLP
JOHN A. GRAHAM (Bar No. 71017), jag@jmbm.com
THOMAS M. GEHER (Bar No. 130588), tmg@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Secured Creditor FAR EAST NATIONAL BANK

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re | CASE NO. 11-42576 |
|---|---|
| ATMAN HOSPITALITY GROUP, INC. | Chapter 11 |
| Debtor. | D.C. No. GMW-2 |
| | Date: October 4, 2011 |
| | Time: 11:00 a.m. |
| | Place: Courtroom 32<br>Sixth Floor<br>U.S. Courthouse<br>501 I Street<br>Sacramento, CA 95814 |
| | Judge: Hon. Thomas Holman |

- 1 -

OBJECTION OF FENB TO DEBTOR'S MOTION
FOR APPROVAL OF USE OF CASH
COLLATERAL ON AN INTERIM AND FINAL
BASIS. CASE NO. 11-42576

# OBJECTION OF SECURED CREDITOR FAR EAST NATIONAL BANK TO DEBTOR'S MOTION FOR APPROVAL OF USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS

Secured Creditor Far East National Bank ("FENB") hereby objects to the Debtor's Motion for Approval of Use of Cash Collateral on an Interim and Final Basis. FENB realistically understands that Debtor must request the use of cash collateral in order to continue post-petition operations. However, Debtor has failed to provide sufficient information to this Court and FENB or to provide a budget that includes realistic adequate protection payments to FENB while also providing for payment of wages and benefits to employees, taxes and other necessary operational expenses. Moreover, the proposed budget apparently improperly includes use of FENB's cash collateral for a non-debtor related entity, which is the restaurant located at the hotel that is not operated by this Debtor.

Upon learning of the commencement of the case, FENB immediately notified counsel for the Debtor that under Section 363(c)(2) that the Debtor cannot use and is not authorized to use FENB's cash collateral without either the consent of FENB or an order of this Court. The letter went on to inform counsel for the Debtor that FENB did not consent to the use of its cash collateral and invited counsel to discuss a potential agreement and budget. Debtor's response was to file the Motion. Prior to the bankruptcy filing the Debtor did not contact FENB to discuss filing the case with budgets in place. Rather, the Debtor failed to keep its secured creditor informed and did not take any appropriate steps to avoid the Debtor's self-created emergency over the use of FENB's cash collateral.

Inadequate Evidence. The Debtor's "evidence" in support of its emergency motion leaves the court to guess as to many important facts. First, the declarant provides no identification as to who she is and what her role is with the Debtor's organization. All she says is that she is "an officer of the Atman Hospitality Group, Inc." What type of officer and what personal knowledge she has regarding the Debtor's finances are left to the imagination of the court.

Most disturbing is the lack of information regarding the Debtor's current financial circumstances and what the Debtor has been doing with any excess cash for the last 12 months. The

- 2 -    OBJECTION OF FENB TO DEBTOR'S MOTION FOR APPROVAL OF USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS. CASE NO. 11-42576

1235780v3

Declaration of Josie Chen in Support of Motion For Use of Cash Collateral at paragraph 7 states:

> Over the course of the last several years, the Business income has dropped substantially. As a result, given the monthly installment due to the Bank, the Debtor fell behind. In addition, there was an internal squabble between some of the Debtor's shareholders such that a replacement chief executive was put in place in October 2010. That chief executive opted not to make any payment at all to the Bank. As a result, the Bank commenced foreclosure proceedings and the foreclosure was scheduled for September 20, 2011.

No Explanation of Excess Cash. The Debtor's budget shows that if there are no payments to the secured lender there is excess cash on hand each month. **Where is this excess cash? And how much cash does the debtor have on hand?**

Inadequate Explanation as to Why Payments to Bank Were Suspended. The declaration also notes that the Debtor replaced its chief executive in October 2010 and that the new chief executive **"opted not to make any payment at all to the Bank."** No explanation is provided as to why such a course of action was adopted and no explanation is provided. **Did the "squabbling" shareholders decide to sweep the excess cash and keep it for themselves. What was management's plan when it decided to ignore the Bank's assignment of rents and exacerbate its default with the secured creditor?** The answers to these questions may reveal mismanagement by the Debtor. At this point in time, the Chapter 11 filing is a "skeletal" filing and there are no schedules or statement of affairs to provide the court with any comfort that this bankruptcy "ship" is not listing 20 degrees to starboard.

No Specific or Detailed Information. The budget attached to the Declaration of Josie Chen in Support of the Motion ("Chen Declaration") is both unrealistic and inappropriate. Further information is necessary to understand the basis for the budgeted amounts for many entries in the proposed budget. In particular, FENB specifically requests information broken down to provide staffing totals at the hotel for management, front desk, housekeeping, maintenance, banquet and meeting room sales, staff and food and beverage operations.

Restaurant: Separate Entity? In addition, it is FENB's understanding that the restaurant is a separate entity from the Debtor. That also raises a question as to whether the chef

1235780v3

OBJECTION OF FENB TO DEBTOR'S MOTION FOR APPROVAL OF USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS. CASE NO. 11-42576

and restaurant managers are employees of the Debtor or of a separate entity known as Atman Anderson Hotel Swan Lake Bistro, LLC, doing business as West Side Grill.[1] It is incumbent upon Debtor to clarify whether the proposed cash collateral budget includes funding for a restaurant that is not owned and operated by the Debtor.

Financing Costs? The proposed cash collateral budget shows "Financing Costs" of only $27,000.00, but gives no information as to how that sum was calculated or on what basis it is proposed. This sum is substantially less than the interest payment would be on the loans. Interest at the contract rate of 6.5% is approximately $58,174.31 per month.

Property Taxes. There is no information as to how the property tax budget item will be handled and whether amounts will be paid to the county to be applied to delinquent property taxes or otherwise.

Management Fees. In addition, there are substantial management fees budgeted totaling approximately $74,000.00 annually, but no management agreement has been submitted and there is no indication that the management fee is anything other than a way of compensating insiders of the Debtor. Indeed, the Declaration of Josie Chen does not say one way or the other whether the hotel is being managed by a separate management company, nor does it provide any specific information on the restaurant operations.

Cash on Hand at Start and End of Period. The budget indicates there will be net income at the end of the reporting period in the sum of $300,600, but there is no showing as to where those funds will be used. There is also no showing of cash on hand as of the commencement of the case and how those sums—also FENB's cash collateral—will be spent.

Final Approval of Use of Cash Collateral Should Not Be Granted on This showing. In short, while FENB is prepared to consent to the use of its cash collateral for the purpose of maintaining hotel operations for an interim short term period, the information presented in the

---

[1] Copies of the Statement of Information filed with the Secretary of State by Atman Anderson Hotel Swan Lake Bistro LLC and of the LLC-1 for the same company are attached hereto as Exhibits 1 and 2. FENB respectfully requests that the Court take judicial notice of these exhibits pursuant to Rule 20, Fed.R.Evid.

- 4 -  OBJECTION OF FENB TO DEBTOR'S MOTION FOR APPROVAL OF USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS. CASE NO. 11-42576

1235780v3

Motion and the budget by Debtor is entirely inadequate to support a final order authorizing the use of FENB's cash collateral and the proposed adequate protection is either nonexistent or falls far short of the mark. FENB believes that this Court should authorize the use of cash collateral on a very short term interim basis while requiring Debtor to provide the information requested above so that FENB and other creditors can analyze the cash flow of the Debtor and make certain that proceeds of FENB's cash collateral are being used only for necessary expenses of the Debtor and not being diverted to a related entity or insiders, provided that payments be made to FENB at no less than the contract rate under both of its secured loans.

DATED: September 27, 2011

Respectfully submitted,

JEFFER MANGELS BUTLER & MITCHELL LLP
JOHN A. GRAHAM
RICHARD A. ROGAN

By: /s/ Richard A. Rogan
      RICHARD A. ROGAN
Attorneys for Secured Creditor FAR EAST NATIONAL BANK

- 5 - OBJECTION OF FENB TO DEBTOR'S MOTION FOR APPROVAL OF USE OF CASH COLLATERAL ON AN INTERIM AND FINAL BASIS. CASE NO. 11-42576

1235780v3