**3**

McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
SHANE J. MOSES (CSBN 250533)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for MICHAEL G. KASOLAS,
proposed Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ATMAN HOSPITALITY GROUP, INC.,<br><br>Debtor. | Case No. 11-42576<br><br>Chapter 11<br><br>DC No. MLG-001<br><br>**STIPULATION FOR TRUSTEE'S USE OF CASH COLLATERAL** |

This Stipulation is hereby entered into by (1) Michael G. Kasolas, as proposed Chapter 11 trustee (the "Trustee") for the estate of Atman Hospitality Group, Inc., the debtor in the above captioned Chapter 11 case, and (2) Far East National Bank (the "Bank") (the Trustee and the Bank are collectively referred to herein as the "Parties"), through their respective counsels, with respect to the Trustee's use of the cash collateral of the Bank.

**RECITALS**

1. Whereas, on September 19, 2011, Atman Hospitality Group, Inc., debtor herein ("Debtor"), filed its voluntary Chapter 11 petition commencing this case.

2. Whereas, on October 4, 2011, at 11:00 a.m., a hearing was conducted with respect to the *Debtor's Motion for Approval of Use of Cash Collateral on an Interim and Final Basis* ("Debtor's Motion").

3. Whereas, on October 10, 2011, an order was entered granting the Debtor interim use of cash collateral and setting a further hearing on November 15, 2011 (the "Interim Order").

221370.1

STIPULATION FOR TRUSTEE'S
USE OF CASH COLLATERAL

4. Whereas, following the hearing held on November 15, 2011, on November 30, 2011, this Court entered a further order denying the Debtor's Motion to use cash collateral, and ordering the appointment of a Chapter 11 trustee.

5. Whereas, on December 1, 2011, the United States Trustee appointed Michael G. Kasolas as Chapter 11 trustee of the estate of Debtor.

6. Whereas, the Debtor operates a hotel, known as the Gaia Shasta Hotel (the "Hotel"), and a restaurant, known as the Woodside Grill or Swan Lake Bistro (the "Restaurant"), on the property located at 4125 Riverside Place, Anderson, California 96007 (the "Property"), which Property is owned by the Debtor.

7. Whereas, the Trustee requires authorization to use cash collateral in the ordinary course of the business of the Hotel and the Restaurant in order to maintain continuous operation of such businesses and maintain the value of the estate.

8. Whereas, the Trustee has requested that the Bank subordinate any lien or security interests it may have to the allowed fees and costs of the Trustee, the Trustee's professionals, and any operator employed by the Trustee to manage operations of the Hotel and/or Restaurant.

9. Whereas, the Parties believe that it is in the best interests of the Debtor's estate, its creditors, and all parties-in-interest to authorize the Trustee's use of cash collateral in the ordinary course of the business of the Hotel and the Restaurant.

## STIPULATION

In recognition of the Recitals stated above, the Parties hereby stipulate as follows:

10. The Parties stipulate to entry of an order, pursuant to 11 U.S.C. § 363, in substantially the form attached hereto as **Exhibit A**, (the "Proposed Order"), authorizing the Trustee's use of cash collateral in the ordinary course of business.

11. The Parties further stipulate and agree to all terms of the Proposed Order, which is incorporated herein by reference.

12. The Parties further stipulate that the Trustee may use the cash collateral of the Bank, in accordance with the terms of the Proposed Order, immediately upon the lodgment or

filing of an order appointing the Trustee, regardless of whether the Proposed Order has been entered by the Court.

13. The Parties further stipulate to a further hearing on use of cash collateral to be set for January 3, 2012, at 9:32 a.m. in this Court.

14. The Parties further stipulate that any and all liens or security interests of the Bank shall be subordinated to all allowed fees and costs of the Trustee incurred during the period from November 28, 2011, through January 31, 2012, including the allowed fees and expenses of professionals employed by the Trustee and of any persons or entities employed by the Trustee to manage operations of the Debtor.

**IT IS SO STIPULATED:**

DATED: December 2, 2011                McNUTT LAW GROUP LLP


By:      /s/ *Shane J. Moses*
         Shane J. Moses
         Attorneys for proposed Trustee

DATED: December 2, 2011                JEFFER MANGELS BUTLER & MITCHELL, LLP


By:      /s/ *Thomas M. Geher*
         Thomas M. Geher
         Attorneys for Far East National Bank