FILED

December 16, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003962747

**6**

McNUTT LAW GROUP LLP
SCOTT H. McNUTT (CSBN 104696)
SHANE J. MOSES (CSBN 250533)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Proposed Attorneys for
MICHAEL G. KASOLAS, Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 11-42576 |
| ATMAN HOSPITALITY GROUP, INC., | Chapter 11 |
| Debtor. | DC No. MLG-005 |
| | **TRUSTEE'S STATUS CONFERENCE STATEMENT FOR DECEMBER 20, 2011 STATUS CONFERENCE** |

Judge:    Hon. Thomas C. Holman
Time:    1:30 p.m.
Date:    December 20, 2011
Place:    501 I Street, 6th Floor
            Courtroom 32
            Sacramento, California

Michael G. Kasolas (the "Trustee"), the duly appointed Chapter 11 Trustee for debtor Atman Hospitality Group, Inc. (the "Debtor") in the above-captioned Chapter 11 proceeding hereby submits this status conference statement for the status conference set for hearing on December 20, 2011.

### Appointment of Chapter 11 Trustee and Background

On September 19, 2011 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11. The Debtor's primary secured lender is Far East National Bank ("Far East"). The Chapter 11 filing was apparently in an effort to forestall imminent foreclosure by Far East. Although the Debtor initially operated as debtor-in-possession, after approximately six

221745.1

weeks Far East sought the appointment of a trustee in connection with a continued hearing on cash collateral. At a hearing on November 15, 2011, this Court determined that appointment of a Trustee was appropriate. On November 30, 2011, this Court ordered the appointment of a Chapter 11 trustee. On December 6, 2011, the Office of the United States Trustee's appointment of Michael G. Kasolas as Chapter 11 Trustee was approved by order of this of Court.

The Debtor's principal asset is an approximately 120-room hotel located in Anderson California, known as the Gaia Shasta Hotel (the "Hotel"). The Hotel operations include an on-site restaurant known as the Woodside Grill (the "Restaurant"), and a spa. Primary financing for construction was provided by Far East. Construction was completed in 2008, although the Trustee is informed that some intended elements of the original design could not be completed due to lack of funds.

The Hotel is a "green" hotel, with a focus on environmental sustainability, and is one of the few LEED[1] certified hotels north of San Francisco. The Hotel has an open design focused on green landscaping, and is located on the Sacramento River. Its largest source of business appears to be travelers on Interstate 5, although the Hotel has a large conference facility and does a substantial event business. The Restaurant serves the Hotel's guests and the conference facility, but the Trustee is informed that it also has a substantial local following.

### Cash Collateral

The Debtor's schedules indicate that Far East is owed approximately $11 million, and has a blanket lien on the Debtor's assets. Without access to Far East's cash collateral, the Trustee could not have accepted appointment because operation of the Debtor's business would not have been possible. Although the Debtor had negotiated the terms of an interim order, the Court denied further use of cash collateral at Far East's request, following the hearing on November 15.

Immediately on being informed about the case, the Trustee began negotiations with Far East, through his counsel, regarding the use of cash collateral. Far East indicated that it strongly

---

[1] "Leadership in Energy and Environmental Design," a green-building certification system developed by the U.S. Green Building Council.

221745.1

supported the Trustee's intent to continue to operate the business, and was cooperative regarding the need for use of cash collateral. The Trustee and Far East negotiated a stipulated form of order for use of cash collateral (the "Cash Collateral Stipulation"), which was filed on December 2, 2011. The Cash Collateral Stipulation allows the Trustee use of the Debtor's cash collateral, subject to regular reporting and preparation of a budget. The Trustee hopes to prepare a cash collateral budget by year end. The Cash Collateral Stipulation provides for a hearing on January 3, 2012, to address any issues that arise regarding the cash collateral budget.

The Trustee has not yet had the opportunity to conduct due diligence regarding Far East's claims and secured status. The Trustee intends to perform the necessary due diligence, but does not presently have any reason to believe that Far East's claims are not valid.

## Employment of Professionals

The Trustee has filed applications for employment of McNutt Law Group, LLP ("MLG") as his bankruptcy counsel, and Kokjer, Pierotti, Maiocco & Duck LLP ("Pierotti") as his accountants. In addition, the Trustee is investigating the possibility of employing the Debtor's former accountant on a temporary basis for the limited purpose of providing transition services. Because the Debtor's accounting records, bank accounts, and payroll were managed almost entirely through its outside accountant, the Trustee believes that he could provide considerable value in assisting with a smooth transition. It is not yet clear, however, whether employment is barred by disabling connections with the Debtor. In addition, the Trustee has had some difficulty in obtaining full cooperation from the former accountants with regard to providing information regarding the Debtor's records and financial information.

## Engagement of Operator

The Trustee has filed an application for the employment of Hostmark Investors, LP ("Hostmark") as his management consultant to operate the Debtor's businesses. Hotel and restaurant management are highly specialized, and it is readily apparent that successful operation requires considerable expertise in the industry. While the Trustee has significant management experience, he has determined that maximizing the value of the estate requires employment of an

experienced management consultant, specializing in the hotel industry, to operate the Debtor's business.

After evaluating potential consultants, the Trustee determined that Hostmark is best qualified to assist the Trustee in operating the Hotel and Restaurant. Because the Hotel is a green hotel, with the potential to attract a clientele with an interest in sustainability, it was important to select a consultant with particular experience in that area. Hostmark has more than 40 years' experience in hotel and restaurant management, and specifically in management of distressed properties. In addition, Hostmark has significant experience in operating some of the country's largest green hotels. Hostmark has successfully managed more than 350 hotels throughout the United States and internationally. In the course of its extensive experience with distressed properties, Hostmark has acted as court appointed receiver, asset manager and/or operator for more than 170 troubled assets. Hostmark also has extensive experience in operating on-property restaurants.

The Trustee has communicated extensively with Far East regarding the engagement of Hostmark to operate the Hotel and Restaurant, and Far East is supportive.

## Transition of Control

In anticipation of the Court's approval of his appointment, the Trustee assembled a team including his proposed accountant, proposed counsel, and personnel from Hostmark to conduct an initial evaluation of the status of the Hotel and to effectuate a transfer of control. The Trustee and his team arrived in Anderson on December 4 and conducted a thorough investigation. The Trustee's team evaluated the physical condition of the Hotel, assessed operations of the Hotel and Restaurant, met extensively with all members of management, interviewed the Debtor's president and treasurer, assessed the Hotel's on-site bookkeeping practices and controls, and met with staff to discuss expectations going forward. Immediately on the Court's approval of the Trustee's appointment, the Trustee took over control of operations.

The Trustee continues to be actively engaged in completing a smooth transition and stabilizing the Debtor's business and assets. The Trustee has opened new operating bank accounts, and is working to obtain a turnover of all of the Debtor's bank accounts. Hostmark has set up

accounting systems to allow the Trustee to accurately track and monitor the revenues and expenses. The Trustee hopes to gain a complete picture of the Debtor's financial position and outlook over the next several weeks.

The Trustee has experienced some resistance from the Debtor's banks in attempting to obtain control over the Debtor's accounts and turnover of funds. Hopefully court intervention will be unnecessary. It is possible that the Trustee will be required in the near future to petition the Court for assistance to obtain both control of the bank accounts and cooperation from the Debtor's former accountants.

## Status of Restaurant

In the near future, the Trustee expects to file a motion intended to clarify the relationship of the Debtor and the Restaurant. The Debtor owns 60% of the membership interests in a subsidiary named Atman Anderson Hotel Swan Lake Bistro, LLC ("Swan Lake, LLC"). The other 40% of the membership interest is owned by an entity known as Winlink, LLC. It appears, however, that Swan Lake, LLC does not hold any significant assets, and that the Restaurant is an asset of the Debtor. While it appears clear that the Trustee has authority to operate the Restaurant, he intends to file a motion regarding use of property of the estate, pursuant to 11 U.S.C. § 363, to clarify the issue. In the interim, the Trustee will continue to operate the Restaurant in order to ensure that its value as a going concern is maintained.

## Trustee's Expectations Regarding Case

To date, the Trustee's efforts have been almost entirely focused on obtaining a smooth transition of control and stabilizing operations. By December 22, 2011, the Debtor hopes to have a preliminary budget forecast for the first quarter of 2012, as provided for in the Cash Collateral Stipulation. During the next sixty to ninety days, the Trustee expects to gain a more complete picture of the Debtor's financial outlook. During that time, the Trustee expects that Hostmark will implement operational changes that will significantly increase revenues.

To the extent that the Trustee, with the operational assistance of Hostmark, is able to increase revenues from the Hotel and Restaurant, Far East's cash collateral interests may not

attach to all of the increased revenues. As a result, there is a possibility for a return to unsecured creditors.

It is too early to predict the appropriate conclusion of this case. Over the next sixty to ninety days, as the financial picture becomes more clear, the Trustee will evaluate whether the case should be converted to Chapter 7, the assets sold, the debt refinanced, or the Debtor reorganized with existing secured debt in place. The Trustee's preliminary evaluation is that the Hotel and Restaurant should continue to operate during this time frame. The Trustee, with the assistance of Hostmark, intends to continue, and where possible improve upon, the excellent service the Hotel and Restaurant are known for. The Trustee has determined that this will maximize the value of the estate for its creditors while a long term strategy is developed.

### Continued Status Conference

Because it is too early to determine the appropriate outcome of this case, the Trustee requests that the Court set a continued status conference in mid to late March 2012. This should allow the Trustee sufficient time to stabilize the business, complete the transition, and gain a clearer picture of the Debtor's financial position.

DATED: December 16, 2011        McNUTT LAW GROUP LLP

By:          /s/ *Shane J. Moses*
            Shane J. Moses
            Proposed Attorneys for MICHAEL G. KASOLAS,
            Chapter 11 Trustee

221745.1